**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DAMION CLARKE,

Petitioner,

v.

MARKWAYNE MULLIN,

Respondent.

Case No. 26-cv-03511-BAS-SBC

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 15)**

Petitioner Damion Clarke filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming his immigration detention has been arbitrarily and unreasonably prolonged and that he was improperly denied a bond hearing. (ECF No. 15.) The Government "concedes this Court should order that Petitioner receive an individualized bond hearing before an Immigration Judge." (ECF No. 18.) Because the Government concedes that a bond hearing is appropriate, the Court **GRANTS** the Petition and orders a bond hearing before an Immigration Judge.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner was convicted of conspiracy to distribute a controlled substance. (ECF No. 15.) On October 7, 2025, after serving his criminal sentence, he was turned over to the custody of Immigration and Customs Enforcement ("ICE"). (*Id.*) On November 21, 2025, an Immigration Judge held a hearing finding: (1) Petitioner was ineligible for bond under § 1226(c), and (2) Petitioner had failed to meet his burden to prove he was not a danger to the community. (ECF No. 15.) Petitioner argues, because he has faced arbitrary and unreasonably prolonged detention, he is entitled to a bond hearing where the **Government** has the burden to prove by clear and convincing evidence that he would be a danger to the community or a risk of flight if released. (*Id.*) The Government does not oppose. (ECF No. 18.)

## III. ANALYSIS

The Court agrees that immigration detention without a bond hearing can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's due process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). The Government agrees that Petitioner has been detained for an arbitrarily and unreasonably prolonged period of time. (ECF No. 18.) Hence, the Court **GRANTS** the Petition to the extent it requests that a bond hearing be held before an Immigration Judge.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Damion Clarke (A# 232-395-247). At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: September 3, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**